UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 26-cv-22164-BLOOM**

ADRIAN MARCOS LOPEZ CASTANEDA,

      Petitioner,

v.

GARRETT J. RIPA, in his official capacity as Field Office
Director of U.S. Immigration and Customs Enforcement
Miami Field Office; CHARLES PARRA, in his official
capacity as Assistant Field Office Director of U.S. Immigration
and Customs Miami Field Office; MARKWAYNE MULLIN,
in his official capacity as the Secretary of the U.S. Department
of Homeland Security; TODD M. LYONS, in his official
capacity as Senior Official Performing the Duties of Director
of U.S. Immigration and Customs Enforcement; PAMELA
BONDI, in her official capacity as Attorney General of the
United States.

      Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner Adrian Marcos Lopez Castaneda's

("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging

that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody.

ECF No. [1]. The Court ordered a response from Respondents. *See* ECF No. [3]. Respondents

timely filed a Response, ECF No. [5]. The Court has considered the Petition, the Response, the

record in this case, applicable law, and is otherwise fully advised. For the reasons set forth below,

the Petition is granted in part and denied in part.

## I.    FACTUAL BACKGROUND

Petitioner is a citizen and national of Cuba. ECF No. [1] ¶ 1. Petitioner entered the United

States without inspection on or about March 22, 2022. *Id.* ¶ 22. He was detained for three days, at which point the Department of Homeland Security served him with a Notice to Appear. On October 28, 2025, Petitioner was detained by ICE during a routine check-in in South Florida. *Id.* ¶ 24. Petitioner has no criminal convictions. *Id.* ¶ 5. He remains in custody at Krome North Processing Center. *Id.* ¶ 5.

Petitioner filed the instant Petition on May 30, 2026, asserting that his detention is unlawful because he is being detained without bond in violation of the INA and in violation of his due process rights. ECF No. [1]. Petitioner requests a bond hearing or, alternatively, immediate release. *Id.* at 17. Petitioner also requests that this Court declare that his continued immigration detention without a meaningful individualized custody determination violates his due process rights and the INA. *Id.* Respondents state Petitioner is properly subject to mandatory detention under § 1225(b)(2)(A) as someone present in the United States without being admitted or paroled. ECF No. [5] at 2.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

### A. Jurisdiction

As a preliminary matter, the Court notes that it has jurisdiction to review the Petition. While federal district courts still generally retain jurisdiction to review immigration detention claims, in

2

enacting 8 U.S.C. § 1252, Congress has curtailed district court's subject matter jurisdiction over certain immigration actions. Section 1252 strips district court review of certain factual or legal issues concerning specific discretionary decisions related to immigration removal proceedings. Section 1252 has also consolidated review of certain immigration actions in the court of appeals. Relevant here, § 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *See Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at \*4 (S.D. Fla. Aug. 8, 2025) (citing 8 U.S.C. § 1252(g)). While § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).

Whether § 1252(g) strips this Court of jurisdiction depends on the nature of Petitioner's challenge to his detention. Where Respondents argue Petitioner is detained pursuant to § 1225(b)(2) and Petitioner invokes § 1226(a), Petitioner challenges the underlying statutory basis for his detention pending removal proceedings, which district courts have jurisdiction to hear. *See e.g.*, *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at \*3 (S.D. Fla. Oct. 15, 2025) (finding the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings on the basis of § 1226(a) and § 1225(b) arguments). Thus, this Court has jurisdiction to determine the underlying statutory basis for Petitioner's detention.

**B. Detention Pending Removal Proceedings**

Petitioner asserts that he is entitled to a bond hearing under § 1226(a). ECF No. [1]. Respondents state that the issue in this case is a question of statutory interpretation, specifically whether 8 U.S.C. § 1225(b)(2)(A) or § 1226(a) controls Petitioner's detention. ECF No. [5] at 2. Respondents assert that Petitioner is properly detained without bond under § 1225(b)(2)(A). *Id.*

3

Respondents adopt the interpretation of § 1225(b)(2)(A) and § 1226(a) that Respondents advanced in the case *Huerta-Lopez v. Miami Ice Field Office Director, et al.*, No. 26-cv-20165-BLOOM (S.D. Fla. Mar. 23, 2026), and acknowledge that this Court's decision in that case controls the result in this case. *Id.* at 3.

The Eleventh Circuit recently issued a binding opinion regarding the interpretation of § 1225 and § 1226. *See Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065, slip op. (11th Cir. May 6, 2026). The Eleventh Circuit upheld the district court's ruling that the petitioners, who entered the United States without inspection, were apprehended in the interior of the country years later, and had either no or minimal, traffic-related criminal histories, were entitled to a bond hearing under § 1226(a), despite the Government's position that the petitioners were properly held without bond under § 1225(b)(2). *See id.* at 4, 8-9. Consistent with this Court's prior rulings and the rulings of numerous other courts,[1] the Eleventh Circuit rejected Respondents' "re-interpretation" of the Immigration and Nationality Act ("INA") that foreign nationals already in the country are under the purview of § 1225(b)'s mandatory detention. *Id.* at 4. The Eleventh Circuit explained that an "applicant for admission" is a term of art that "'deems' an alien to be an applicant merely by arriving or being present in the United States without having been admitted." *Id.* at 16. Conversely, an applicant for admission who is "seeking admission" is someone in

---

[1] The vast majority of courts, including this Court, have adopted reasoning similar to the Eleventh Circuit's. *See e.g.*, Order Granting Petition for Writ of Habeas Corpus at 10, *Huerta-Lopez v. Miami Ice Field Office Director, et al.,* No. 26-cv-20165 (S.D. Fla. Mar. 23, 2026), Dkt. No. 8 (finding that the petitioner, who was appended approximately eight years after he entered the United States, was detained pursuant to the authority of 8 U.S.C. § 1226(a) and was entitled to a bond hearing before an immigration judge); *see also Perez v. Parra*, No. 1:25-cv-24820-KMW, Dkt. No. 9 at 6-10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). The Second Circuit recently issued a decision similarly disagreeing with the Government's interpretation. *See Barbosa Da Cunha v. Freden*, No. 25-3141-pr, slip op. at 2-3 (2d Cir. Apr. 28, 2026) (finding that "[§] 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry."). Only the Fifth and Eighth Circuits have agreed with the Government's interpretation of the statute. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

"pursuit of 'lawful entry . . . after inspection and authorization by an immigration officer[.]" *Id.* at 19. Thus, someone is properly detained pending removal proceedings under § 1225(b)(2)(A), "if he (1) is arriving in the United States or is present in the United States without having been granted lawful entry; (2) is seeking lawful entry after inspection and authorization by an immigration officer; and (3) is not clearly and beyond a doubt entitled to lawful entry, as determined by the examining immigration officer." *Id.* at 19-20 (citing § 1225(b)(2)(A)). The Eleventh Circuit explained that petitioners satisfy the first condition because they were "discovered in the interior but were never granted lawful entry;" however, they do not meet the second requirement because they "were not applying for entry in any literal sense when they were detained following a traffic stop[.]" *Id.* at 20. Thus, § 1225(b)(2)(A) does not apply. *Id.* In upholding the district court's grant of a bond hearing pursuant to § 1226(a), the Eleventh Circuit concluded, "Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. . . . [I]t appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id.* at 56.

There exist no material distinctions between Petitioner here and the petitioners in *Fidencio Alvarez.* Petitioner entered the United States without inspection in 2022. ECF No. [1] ¶ 22. Petitioner was stopped by ICE in the interior of the country. *Id.*¶ 4. By the Eleventh Circuit's binding reasoning, Petitioner was not seeking admission. Therefore, this Court applies the Eleventh Circuit's holding in *Fidencio Alvarez* to conclude that Petitioner is, as a matter of statutory interpretation, not lawfully held under 8 U.S.C. § 1225(b)(2). Accordingly, the Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 8 U.S.C. § 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C.

5

§ 1226(a) and is entitled to a bond hearing.

Because the Court grants Petitioner's request for a bond hearing to determine whether there is evidence of dangerousness or risk of flight to justify his continued detention, the Court does not separately address his due process arguments.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED in part** and **DENIED in part**.

2. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5. The Clerk of Court shall **CLOSE** this case.

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 26-cv-22164-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 2, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of record

7